B. D. Plotkin *vs.* James Danakos.

MARCH 14, 1945.

Present: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

FLYNN, C. J.   This action in assumpsit was brought by an assignee in her own name, under general laws 1938, chapter 509, §2, to recover a balance alleged to be due for merchandise sold to the defendant and for money expended for his use and benefit by the plaintiff's assignor. It is before us on defendant's exception to the admission in evidence of a purported assignment of the claim, which is the basis of the action, and to the decision in favor of the plaintiff, rendered by a justice of the superior court, sitting without a jury.

The plaintiff is designated in the writ as "B. D. Plotkin, of Providence, County of Providence, assignee of Eastern Restaurant Equipment Co., a Massachusetts corporation". The defendant owned and operated a restaurant in Oakland Beach, county of Kent, state of Rhode Island, and had previously bought and paid for certain articles sold to him by plaintiff's assignor. The latter, at defendant's request, located

in Boston two iceboxes that were for sale and wrote the defendant that they could be bought complete with hardware and coils for $250. As a result of that letter the defendant's son went to Boston to inspect these boxes and, after agreeing on a purchase price of $225, paid a deposit of $25 to one Pappas, the owner.

About three weeks later the son hired a truck and again went to Boston in order to complete the purchase and to transport the iceboxes to Oakland Beach. At that time he had only $100 in cash, but the owner demanded payment in full; and the treasurer of the plaintiff's assignor then advanced the necessary money for that purpose and for the purchase of certain other equipment. The total purchase price was $254.25. Apparently by agreement the assignor took over the entire purchase of these articles and then billed them to the defendant. An account was accordingly opened on the assignor's books, on June 21, 1937, in the amount of $254.25 and credits were immediately given the defendant for the payments of $25 and $100, which already had been made by defendant's son to the owner. Subsequently payments on account were made by the defendant until the assignor's books showed a total credit of $200, leaving a balance due of $54.25. The claim for this amount with interest was then allegedly assigned by the corporation to the plaintiff. Thereupon this action was brought and after a trial the decision in question was rendered for the plaintiff in the amount of $67.81.

Defendant contends substantially that the purported assignment was erroneously admitted in evidence; that the plaintiff did not establish the making and delivery of a valid assignment in which the assignor parted with any interest; and that the defendant owed nothing at the time of the alleged assignment, because the assignor had failed to provide certain hardware for the iceboxes in accordance with the terms of the purchase contained in the assignor's undisputed letter in evidence. Plaintiff's counsel concedes that if the evidence does not establish the making and delivery of a

valid assignment the defendant's exception to the decision should be sustained.

The instrument in question was not offered in evidence until all the testimony was concluded. Then, after the court expressed some question whether the plaintiff had established a valid assignment, her counsel requested and obtained a short adjournment in order to present the alleged assignment, which he said was in his office. Upon his return the transcript shows the following: "Mr. Hendel: Does Your Honor want me to prove the signature on this? Mr. O'Connell: I am going to object. It is not even witnessed or sworn to, or anything. (Mr. Hendel shows paper to the Court) The Court: It may be admitted and marked Plaintiff's Exhibit #2. Assignment introduced and marked Plaintiff's Exhibit #2. Mr. O'Connell: I object, and ask for an exception, Your Honor. The Court: The defendant's objection to the admissibility of the document is overruled and exception is noted."

The instrument recites:

"In consideration of One ($1.00) Dollar and other good and valuable consideration to it in hand paid by B. D. Plotkin, of Providence, County of Providence, State of Rhode Island, Eastern Restaurant Equipment Company, a Massachusetts corporation, does hereby assign and sell to the said B. D. Plotkin, its claim against James Danakos, of Oakland Beach, County of Kent, State of Rhode Island, upon which the principal balance at the present time is $54.25 and upon which there is due the sum of $13.64 for interest, making a total of $67.89.

"In Witness Whereof the said Eastern Restaurant Equipment Company, at Boston, Massachusetts, this 4th day of June, 1941, has hereunto set its hand by Theodore A. Morris, its Treasurer hereunto duly authorized.

Eastern Restaurant Equipment Company
By Theodore A. Morris
Treasurer"

No corporate seal or witness to the signature appears thereon.

In view of the defendant's timely objection, it would seem that the authority of the corporation's treasurer to execute and deliver such an assignment, as well as some identification of the instrument, should have been established by the best evidence before it was admitted. There is no direct evidence that the corporation had duly authorized the treasurer to make and deliver this instrument. Indeed, apart from what appears on its face, there is no evidence whatever of such authority, unless it can be properly inferred from the meager testimony of Theodore A. Morris, who signed it as treasurer. His whole testimony on this point was that he was "the owner" of the Eastern Restaurant Equipment Company; and again that he was "an officer" of that corporation; and finally that *he* was the assignor.

Nor was there any direct evidence to identify such instrument. The only testimony that might concern it was given by this witness to the effect that at the lawyer's request he had signed some paper, not otherwise described, in connection generally with the bringing of suit in this state. In view of the defendant's specific objection and in the absence of any circumstance excusing production of the best evidence on these important issues, we are of the opinion that the foundation was too meager and indefinite to support the admission of the instrument by a mere offer of it by the plaintiff's attorney. If this is not reversible error, it certainly is not in accord with approved practice.

However, assuming that the foundation in the record was sufficient, at least *prima facie,* to warrant admission of the purported assignment, the controlling question is whether the evidence as a whole properly established the right of this plaintiff to recover in this action on such claim. The instrument itself purported to be an assignment of the entire title and interest of the assignor in and to the balance due from the defendant on account of his purchase of these two ice-boxes and the other equipment. But the sworn testimony of the corporation's treasurer, which was relied on entirely to

prove the assignment, is all to the effect that the assignee received no legal title to or beneficial interest in the claim. His testimony shows unquestionably that *he*, not the assignee, was the real plaintiff; that this was *his* suit, not the assignee's; and that the money was owed by the defendant to *him*, not to the assignee. In fact he testified that he did not know the assignee and that the latter was merely the man "That was to bring suit in this county" and "A man that I believe the attorney designated to bring the suit". In argument before us it appeared that the assignee was a woman.

Having in mind all of the testimony of this witness, and the fact that no specific proof of delivery of the alleged assignment is found in the record, we are of the opinion that the evidence does not establish the making and delivery of a valid assignment to the plaintiff of any legal or equitable title to or interest in this claim. On the contrary, it clearly shows that the assignor still intended to retain and did retain all the legal and equitable title thereto and the right of action thereon.

While chap. 509, §2, now authorizes an assignee of a non-negotiable chose in action to sue in his own name, subject to all proper defenses, it clearly contemplates that such action shall be brought by an assignee and not by a mere stranger. It was not intended thereby to do away with substantial rights nor to subject a debtor to the hazard of double liability on the one claim. Whatever rights on the merits the assignor may have in a proper case, we are of the opinion that the plaintiff, on this evidence, has no right of action against the defendant on this claim.

The defendant's exception to the decision is sustained. On March 23, 1945, the plaintiff may appear before this court and show cause, if any she has, why the case should not be remitted to the superior court for reversal of the decision and for entry of judgment for the defendant.

*Maurice W. Hendel*, for plaintiff.

*John F. O'Connell*, for defendant.